# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2588

_____

United States of America,

        Appellee,

v.

Dale D. Mitchell, Jr.,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri
\*
\*    [UNPUBLISHED]
\*

_____

Submitted:  September 7, 2004
Filed:  September 17, 2004

_____

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Dale D. Mitchell, Jr., appeals from the final judgment entered in the District Court[1] for the Western District of Missouri after he pleaded guilty to a firearms offense. The district court sentenced Mitchell to 86 months imprisonment and 3 years supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), arguing the district court erred in imposing a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) based on Mitchell's possession of the firearm in connection with another felony offense (aggravated assault), because the facts

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

underlying the aggravated assault were in dispute and the government failed to satisfy its burden of proof that Mitchell possessed the firearm in connection with the aggravated assault. Mitchell has filed a pro se supplemental brief, arguing the section 2K2.1(b)(5) enhancement violates his Sixth Amendment rights, citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and challenging the sentencing court's use of his prior conviction for second-degree robbery to determine his base offense level. For the reasons discussed below, we affirm the judgment of the district court.

In pleading guilty, Mitchell expressly waived the right to appeal his sentence on any ground except for an upward departure, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the federal Sentencing Guidelines. We enforce this appeal waiver, concluding no miscarriage of justice would result from such enforcement because the district court conducted a proper Fed. R. Crim. P. 11 colloquy at the plea hearing, Mitchell indicated his plea was voluntary and knowing, his adjusted offense level was consistent with what the plea agreement contemplated, and the court mentioned and explained the waiver at the plea hearing and asked Mitchell if he understood the plea agreement, which included the waiver the court had just explained. <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result; one important way district court can ensure plea agreement and appeal waiver are knowing and voluntary is to properly question defendant about decision to enter agreement and to waive right to appeal), <u>cert. denied</u>, 124 S. Ct. 501 (2003).

Our enforcement of the appeal waiver bars all of the arguments on appeal, except for Mitchell's pro se argument that the section 2K2.1(b)(5) enhancement violates his Sixth Amendment rights as set forth in <u>Blakely</u>. Because Mitchell did not object to this enhancement at sentencing, our review is for plain error. <u>See</u> <u>United States v. Gonzales</u>, 339 F.3d 725, 728 (8th Cir. 2003) (standard of review). We see

none given that Mitchell waived his right to have a jury determine the enhancement issue by stipulating to the 4-level increase in his plea agreement, and by not objecting to the PSR's description of the offense (aggravated assault) conduct.  See Blakely, 124 S. Ct. at 2541 (nothing prevents defendant from waiving his Apprendi v. New Jersey, 530 U.S. 466 (2000), rights; when defendant pleads guilty, government is free to seek judicial sentence enhancements so long as defendant either stipulates to relevant facts or consents to judicial factfinding).

Following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we affirm.

_____